IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DAVID DUTTON<br><br>*Plaintiff,*<br><br>v.<br><br>ZACHARY WILLIAMS,<br>SYLER WARLEY, and<br>RUTHERFOD COUNTY, TENNESSEE<br><br>*Defendants.* | Case No.<br><br>JURY DEMANDED |

## COMPLAINT

Comes now the Plaintiff, DAVID DUTTON, by undersigned counsel and for his complaint against the Defendants states the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 with this Complaint arising under a violation of rights conferred by the Constitution of the United States of America.

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343(a)(3) because this action seeks redress for a deprivation, under color of state law, of rights secured to Plaintiff by the Fourth Amendment to the Constitution of the United States of America.

3. Plaintiff asserts claims for relief under 42 U.S.C. § 1983, which authorizes action to redress the deprivation, under color of state law, of rights, privileges, or immunities secured to Plaintiff by the Constitution or laws of the United States of America and 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs

to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

4. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because one or more defendants reside in this judicial district. Additionally, a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## PARTIES

5. Plaintiff David Dutton is an adult resident of Rutherford County, Tennessee.

6. Defendant Zachary Williams is a deputy sheriff of the Rutherford County Sheriff's Department.

7. Defendant Syler Warley is a deputy sheriff of the Rutherford County Sheriff's Department.

8. Defendant Rutherford County is a political subdivision of the State of Tennessee and is the employer of Defendants, Zachary Williams, and Syler Warley.

## FACTUAL ALLEGATIONS

9. On Thursday August 17, 2023, Plaintiff Dutton was returning home from playing pool.

10. At approximately 9:00 p.m. Defendant Williams observed Plaintiff Dutton driving outbound on Manchester Pike in Rutherford County.

11. While following Plaintiff Dutton, Defendant Williams observed that Plaintiff Dutton's taillight was out.

12. Defendant Williams also claimed to have observed Plaintiff Dutton's

vehicle breaking the outside lane of travel.

13. However, dashcam footage directly contradicts this observation.

14. Plaintiff Dutton never broke the outside lane of travel.

15. Based on these observations, Defendant Williams initiated a traffic stop.

16. Upon making contact with Plaintiff, it is clear that Plaintiff is a disabled driver.

17. Plaintiff Dutton has a visible disabled driver place card hanging from his review mirror:



18. Defendant Williams claims that upon making contact with Plaintiff Dutton, Plaintiff lit a cigarette and attempted to provide his debit card instead of his driver's license.

19. Defendant Williams further claimed that Plaintiff Dutton appeared "disoriented, had droopy eyes would repeatedly smack his mouth to re-salivate, and slow in speech."

20. However, it was Defendant Warley who initially made contact with Plaintiff Dutton, not Defendant Williams.

21. Defendant Williams did not interact with Plaintiff Dutton until he was

removed from his vehicle.

22. Prior to removing Plaintiff Dutton from his vehicle, Defendants Williams and Warley returned to their patrol car to run Plaintiff Dutton's license.

23. While in the patrol car, Defendant Williams stated "…never known a sober person shoot much pool."

24. Defendants Williams and Warley then ask Plaintiff to exit his vehicle.

25. Defendant Williams proceeds to have a conversation with Plaintiff Dutton.

26. During their conversation, Plaintiff Dutton appears to be coherent, not slurring his words, and steady on his feet.

27. Defendant Williams asked Plaintiff Dutton, "Did you have anything to drink?"

28. Plaintiff Dutton responded, "I don't drink."

29. Plaintiff Dutton did not smell like alcohol, nor were there any containers of alcohol in his vehicle.

30. Plaintiff Dutton informed Defendant Williams that he takes an allergy pill, and that he has Type II Diabetes and had not yet taken his insulin that night.

31. Plaintiff Dutton also informed Defendant Williams that he has back problems.

32. Defendant Williams then proceeds to administer the Standard Field Sobriety Test, including the Horizontal Gaze Nystagmus Test, Walk and Turn Test, One Leg Stand Test, Lack of Convergence Test, Modified Romberg Test, and Finger-to-Nose Test.

4

Case 3:24-cv-01006   Document 1   Filed 08/18/24   Page 4 of 10 PageID #: 4

33. The National Highway Traffic Safety Administration (NHTSA) says that people over 65 years old should not be given field sobriety tests because age can affect how they perform, especially on the Walk and Turn Test.[1]

34. Due to Plaintiff Dutton's age (75 years), back problems, and vertigo, he was unable to successfully complete the balance-dependent tests.

35. Despite having knowledge that Plaintiff suffered from a bad back, and hadn't taken his insulin, Defendants Williams and Warley concluded there was probable cause to arrest Plaintiff Dutton for DUI.

36. Defendant Williams and Defendant Warley ignored readily exculpatory information and proceeded to arrest and charge Plaintiff Dutton with a DUI.

37. Defendant Williams noted that Plaintiff Dutton passed the Horizonal Gaze Nystagmus Test.

38. Neither Defendant claimed to have smelled the odor alcohol emitting from Plaintiff Dutton.

39. Neither Defendant found any receipts that contained purchases of alcoholic beverages.

40. Neither Defendant found any empty containers, or bottles/cans of alcohol in Plaintiff's vehicle.

41. Neither Defendant consider Plaintiff's age or medical conditions when

---

[1] "The original SCRI studies suggested that individuals over 65 years of age or people with back, leg or inner ear problems had difficulty performing this test. Less than 1.5% of the test subjects in the original studies were over 65 years of age. Also, the SCRI studies suggest that individuals wearing heels more than 2 inches high should be given the opportunity to remove their shoes. Officers should consider all factors when conducting SFSTs." Standardized field sobriety testing (SFST). (n.d.).
https://www.nhtsa.gov/sites/nhtsa.gov/files/documents/sfst_ig_refresher_manual.pdf

evaluating his performance on the field sobriety tests.

42. Plaintiff Dutton consented to a blood test, which returned negative for both narcotics and alcohol.

43. On March 13, 2024, the DUI charge against Plaintiff Dutton was dismissed.

## DAMAGES

44. As a direct and proximate result of the Defendants' violations of his federally protected rights, Plaintiff has suffered:

 a) Pain and suffering;

 b) Physical and mental injuries;

 c) Pecuniary damages including past and future medical expenses;

 d) Loss of enjoyment of life; and

 e) Serious mental suffering and emotional distress.

45. Based on the intentional and reckless misconduct, Plaintiff Dutton requests an award of punitive damages against Defendants Williams and Warley.

## COUNT 1 - UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT– UNLAWFUL ARREST
## 42 U.S.C. § 1983
## (Defendants Williams and Warley)

46. Defendants Williams and Warley arrested Plaintiff Dutton for DUI, they did so without probable cause.

47. Defendants Williams and Warley assumed that because Plaintiff Dutton had been playing pool prior to being stop, that he was under the influence.

48. Defendants ignored the readily available exculpatory information,

6
Case 3:24-cv-01006    Document 1    Filed 08/18/24    Page 6 of 10 PageID #: 6

including Plaintiff's age, Plaintiff's disability, and the total absence of any indication of alcohol consumption.

49. Defendants knew that standard field sobriety tests are not reliable indicators of intoxication for persons over the age of 65 years, and especially where those subjects are disabled.

50. Defendants were operating under color of state law when they arrested Plaintiff Dutton.

51. Defendants' false arrest deprived Plaintiff Dutton of his liberty.

52. Defendants' false arrest was in reckless disregard of Plaintiff Dutton's rights.

### COUNT 2 – MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT  42 U.S.C. § 1983
### (Defendants Williams and Warley)

53. On August 17, 2023, Defendant Williams and Warley falsely charged Mr. Adams with the Tennessee state criminal offense of Driving Under the Influence, T.C.A. § 55-10-401.

54. The false charge deprived Plaintiff Dutton of his liberty by causing him to be jailed and the subjecting him to the conditions of the Pretrial Release program.

55. Defendants were operating under the color of state law when they initiated the false charge against Plaintiff Dutton.

56. Defendants charged Plaintiff Dutton with DUI without probable cause to believe that Plaintiff Dutton was guilty of that offense.

57. Defendants recklessly or intentionally omitted material exculpatory

information from the affidavit of probable cause, including plaintiff's disability, medical issues, and the total absence of any indications of alcohol consumption.

58. Defendants intentionally or recklessly included false information in the affidavit of probable cause by stating that plaintiff "failed" the field sobriety tests when that is not possible because the tests are invalid when administered to a disabled person who is 75 years old.

## COUNT 3 - MUNICIPAL LIABILITY
## (DEFENDANT RUTHERFORD COUNTY)

59. The violations of plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution, and the resulting damages, were directly and proximately caused by the actions and/or inactions of Rutherford County, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

   a) Legal cause to stop, detain, arrest, and criminally charge a citizen.

   b) The failure to provide any training whatsoever on how to recognize and understand how common medical conditions like diabetes, vertigo, neurological disorders, and physical disabilities can affect a person's behavior, speech, and physical coordination.

   c) The failure to provide training on how to distinguish between symptoms of medical conditions (e.g., slurred speech, unsteady gait) and signs of alcohol or drug impairment.

   d) The failure to provide training on how to adapt or modify FSTs for

individuals with known medical conditions or disabilities that might impair their ability to perform standard test.

e) Failure to provide any training on how to use alternative methods or tools, such as breathalyzers, when standard FSTs might not be reliable due to medical conditions.

60. Rutherford County's failure to train Deputy Sheriffs on how to recognize and understand how common medical conditions can affect an individual's ability to adequately preform field sobriety test has created a custom within the county of wrongfully arresting and charging individuals with Driving Under the Influence.

61. Additionally, Rutherford County maintains a custom whereby officers are encouraged to employ bogus field sobriety tests to fabricate probable cause against persons over the age of sixty-five who are disabled, like Plaintiff Dutton.

### REQUEST FOR RELIEF

Based upon all the foregoing, Plaintiff Dutton requests:

I. Process be issued and that each Defendant be required to respond within the time provided by the Federal Rules of Civil Procedure;

II. A jury be empaneled to try this case;

III. That a Declaratory Judgment be entered;

IV. That Plaintiff Dutton be awarded nominal damages;

V. That Plaintiff Dutton be awarded compensatory damages in the amount of four hundred thousand dollars;

VI. That Plaintiff Dutton be awarded punitive damages against Defendant Williams and Defendant Warley in an amount deemed appropriate by a jury;

VII. That Plaintiff Dutton be awarded reasonable attorney's fees, costs, and expenses under 42 U.S.C. § 1988;

VIII. For pre- and post-judgment interest on all damages awarded;

IX. For such other, further, and general relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ Paul D Randolph*
Wesley Ben Clark, #32611
Paul D Randolph #39667
BRAZIL CLARK, PLLC
2901 Dobbs Avenue
Nashville, TN 37211
615-730-8619
615-634-3651 (fax)
wesley@brazilclark.com
paul@brazilclark.com