# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **DAVID DUTTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cv-01006** |
| | ) | |
| **ZACHARY WILLIAMS,** | ) | **Judge Crenshaw** |
| **SYLER WARLEY, and** | ) | **Magistrate Judge Newbern** |
| **RUTHERFORD COUNTY, TENNESSEE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF RUTHERFORD COUNTY, TENNESSEE
## TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Rutherford County, Tennessee (the "County" or "Defendant"), by and through counsel, and would answer Plaintiff's Complaint (DE 1) ("Complaint") as follows:

### FIRST DEFENSE

Pending investigation and in order to avoid waiver, this Defendant avers that some or all of the averments in the Complaint fail to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Without waiving its affirmative and other defenses, this Defendant responds to the allegations and averments contained in the Complaint as follows:

### Jurisdiction and Venue

1.      The statements contained in paragraph 1 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute factual allegations against this Defendant, it is denied that this Defendant violated Plaintiff's constitutional rights or

acted improperly in any way.

2.      The statements contained in paragraph 2 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute factual allegations against this Defendant, it is denied that this Defendant violated Plaintiff's constitutional rights or acted improperly in any way.

3.      The statements contained in paragraph 3 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute factual allegations against this Defendant, it is denied that this Defendant violated Plaintiff's constitutional rights or acted improperly in any way.

4.      This Defendant admits that one or more defendants reside in this judicial district and does not dispute venue.

## Parties

5.      This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5.

6.      In response to paragraph 6, it is admitted that Defendant Williams was an employee of the Rutherford County Sheriff's Office at the time of the events alleged in the Complaint.

7.      In response to paragraph 7, it is admitted that Defendant Warley was an employee of the Rutherford County Sheriff's Office at the time of the events alleged in the Complaint

8.      The allegations contained in paragraph 8 are admitted.

## Factual Allegations

9.      This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9.

10.     The allegations contained in paragraph 10 do not constitute factual allegations

2

against this Defendant and therefore no response is required. To the extent the allegations contained in paragraph 10 are directed at this Defendant, this Defendant is without sufficient knowledge or information to admit or deny the same.

11.     The allegations contained in paragraph 11 do not constitute factual allegations against this Defendant and therefore no response is required. To the extent the allegations contained in paragraph 11 are directed at this Defendant, this Defendant is without sufficient knowledge or information to admit or deny the same.

12.     The allegations contained in paragraph 12 do not constitute factual allegations against this Defendant and therefore no response is required. In further response, this Defendant would state that the incident report referenced in Plaintiff's Complaint speaks for itself.

13.     The allegations contained in paragraph 13 are denied. In further response, the dashcam footage referenced in Plaintiff's Complaint speaks for itself.

14.     The allegations contained in paragraph 14 are denied.

15.     The allegations contained in paragraph 15 do not constitute factual allegations against this Defendant and therefore no response is required. To the extent the allegations contained in paragraph 15 are directed at this Defendant, this Defendant is without sufficient knowledge or information to admit or deny the same.

16.     The allegations contained in paragraph 16 do not constitute factual allegations against this Defendant and therefore no response is required. To the extent the allegations contained in paragraph 16 are directed at this Defendant, the same are denied.

17.     In response to the allegations contained in paragraph 17, the photo included in Plaintiff's Complaint speaks for itself.

18.     The allegations contained in paragraph 18 do not constitute factual allegations

against this Defendant and therefore no response is required. In further response, this Defendant would state that the incident report referenced in Plaintiff's Complaint speaks for itself.

19.     The allegations contained in paragraph 19 do not constitute factual allegations against this Defendant and therefore no response is required. In further response, this Defendant would state that the incident report referenced in Plaintiff's Complaint speaks for itself.

20.     The allegations contained in paragraph 20 do not constitute factual allegations against this Defendant and therefore no response is required. In further response, this Defendant would state that the audio/video footage and incident report referenced in Plaintiff's Complaint speak for themselves.

21.     The allegations contained in paragraph 21 do not constitute factual allegations against this Defendant and therefore no response is required. In further response, this Defendant would state that the audio/video footage and incident report referenced in Plaintiff's Complaint speak for themselves. It is denied that Plaintiff was "removed" from his vehicle.

22.     The allegations contained in paragraph 22 do not constitute factual allegations against this Defendant and therefore no response is required. In further response, this Defendant would state that the audio/video footage and incident report referenced in Plaintiff's Complaint speak for themselves. It is denied that Plaintiff was "removed" from his vehicle.

23.     The allegations contained in paragraph 23 do not constitute factual allegations against this Defendant and therefore no response is required. In further response, this Defendant would state that the audio/video footage referenced in Plaintiff's Complaint speaks for itself.

24.     The allegations contained in paragraph 24 do not constitute factual allegations against this Defendant and therefore no response is required. In further response, this Defendant would state that the audio/video footage referenced in Plaintiff's Complaint speaks for itself.

25.     The allegations contained in paragraph 25 do not constitute factual allegations against this Defendant and therefore no response is required.  In further response, this Defendant would state that the audio/video footage referenced in Plaintiff's Complaint speaks for itself.

26.     The allegations contained in paragraph 26 do not constitute factual allegations against this Defendant and therefore no response is required.  To the extent the allegations contained in paragraph 26 are directed at this Defendant, the same are denied.

27.     The allegations contained in paragraph 27 do not constitute factual allegations against this Defendant and therefore no response is required.  In further response, this Defendant would state that the audio/video footage referenced in Plaintiff's Complaint speaks for itself.

28.     The allegations contained in paragraph 28 do not constitute factual allegations against this Defendant and therefore no response is required.  In further response, this Defendant would state that the audio/video footage referenced in Plaintiff's Complaint speaks for itself.

29.     The allegations contained in paragraph 29 do not constitute factual allegations against this Defendant and therefore no response is required.  To the extent the allegations contained in paragraph 26 are directed at this Defendant, this Defendant is without sufficient knowledge or information to admit or deny the same.

30.     The allegations contained in paragraph 30 do not constitute factual allegations against this Defendant and therefore no response is required.  In further response, this Defendant would state that the audio/video footage and incident report referenced in Plaintiff's Complaint speak for themselves.

31.     The allegations contained in paragraph 31 do not constitute factual allegations against this Defendant and therefore no response is required.  In further response, this Defendant would state that the audio/video footage and incident report referenced in Plaintiff's Complaint

speak for themselves.

32.    The allegations contained in paragraph 32 do not constitute factual allegations against this Defendant and therefore no response is required.  In further response, this Defendant would state that the audio/video footage and incident report referenced in Plaintiff's Complaint speak for themselves.

33.    The statements contained in paragraph 33 (and the corresponding footnote) constitute a legal conclusion and therefore do not require a response.  Further, the cited source speaks for itself.  However, it is denied that this Defendant breached the applicable standard of conduct in the administration of field sobriety tests.

34.    In response to paragraph 34, it is admitted, upon information and belief, that Plaintiff's performance on the tests administered by Defendant Williams contributed to the probable cause determination.  All allegations inconsistent with the foregoing statement are denied.  It is specifically denied that Plaintiff's age and any medical conditions of Plaintiff were not accounted for in the probable cause determination.  Further, to the extent any remaining statements allege any wrongdoing by this Defendant, it is denied that this Defendant violated Plaintiff's constitutional rights or acted improperly in any way.

35.    In response to paragraph 35, it is admitted, upon information and belief, that Defendant Williams arrested Plaintiff on DUI charges based on probable cause considering the totality of the circumstances.  It is denied that Defendant Warley made the probable cause determination to arrest Plaintiff.  The audio/video footage referenced in Plaintiff's Complaint speaks for itself and reference is made thereto for the details of Plaintiff's statements regarding his back and insulin. All remaining allegations contained in paragraph 35 are denied.  Further, to the extent any remaining statements allege any wrongdoing by this Defendant, it is denied that this

6

Defendant violated Plaintiff's constitutional rights or acted improperly in any way.

36. In response to paragraph 36, it is admitted, upon information and belief, that Defendant Williams arrested Plaintiff on DUI charges based on the totality of the circumstances. It is denied that Defendant Warley arrested or charged Plaintiff. All remaining allegations contained in paragraph 36 are denied. Further, to the extent any remaining statements allege any wrongdoing by this Defendant, it is denied that this Defendant violated Plaintiff's constitutional rights or acted improperly in any way.

37. The allegations contained in paragraph 37 do not constitute factual allegations against this Defendant and therefore no response is required. In further response, this Defendant would state that the incident report referenced in Plaintiff's Complaint speaks for itself.

38. The allegations contained in paragraph 38 do not constitute factual allegations against this Defendant and therefore no response is required. To the extent the allegations contained in paragraph 38 are directed at this Defendant, this Defendant is without sufficient knowledge or information to admit or deny the same.

39. The allegations contained in paragraph 39 do not constitute factual allegations against this Defendant and therefore no response is required. To the extent the allegations contained in paragraph 39 are directed at this Defendant, this Defendant is without sufficient knowledge or information to admit or deny the same.

40. The allegations contained in paragraph 40 do not constitute factual allegations against this Defendant and therefore no response is required. To the extent the allegations contained in paragraph 40 are directed at this Defendant, this Defendant is without sufficient knowledge or information to admit or deny the same.

41. Upon information and belief, the allegations contained in paragraph 41 are denied.

42.     In response to paragraph 42, it is admitted, upon information and belief, that Plaintiff consented to a blood test. In response to the remaining allegations contained in paragraph 42, this Defendant would state that the Official Toxicology Report from the TBI speaks for itself.

43.     This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 43.

## Damages

44.     In response to paragraph 44, and all subparts thereof, this Defendant denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever against it.

45.     In response to paragraph 45, and all subparts thereof, this Defendant denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever against it. Defendant further denies that Plaintiff is entitled to punitive damages in this matter. It is specifically denied that this Defendant committed any misconduct and that any alleged misconduct was intentional or reckless.

### Count I: Unlawful Seizure in Violation of the Fourth Amendment – Unlawful Arrest
### 42 U.S.C. § 1983
### (Defendants Williams and Warley)

46-52.     The allegations contained in Count I, paragraphs 46-52, are not directed at this Defendant and therefore do not require a response. However, to the extent the allegations contained in Count I, paragraphs 46-52 are construed as allegations against this Defendant, such allegations are denied.

### Count II: Malicious Prosecution in violation of the Fourth Amendment
### 42 U.S.C. § 1983
### (Defendants Williams and Warley)

53-58.     The allegations contained in Count II, paragraphs 53-58, are not directed at this Defendant and therefore do not require a response. However, to the extent the allegations

8

contained in Count II, paragraphs 53-58 are construed as allegations against this Defendant, such allegations are denied.

**Count III: Municipal Liability**
**(Defendant Rutherford County)**

59.     The allegations contained in paragraph 59, and all subparts thereof, are denied.

60.     The allegations contained in paragraph 60 are denied.

61.     The allegations contained in paragraph 61 are denied.

**Request for Relief**

62.     In response to Plaintiff's request for relief, and all subparts thereof, this Defendant denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever against it.

63.     Any and all such other further averments and allegations set forth in the Complaint either heretofore neither expressly admitted nor denied, and any and all of the averments set forth in the Complaint that are inconsistent with this Answer, are hereby denied.

**THIRD DEFENSE**

Pending investigation and in order to avoid waiver, this Defendant avers that all or some of Plaintiff's claims are barred because Plaintiff failed to exhaust his administrative remedies.

**FOURTH DEFENSE**

Pending investigation and in order to avoid waiver, this Defendant avers that all or some of Plaintiff's claims are barred by the statute of limitations and/or statute of repose applicable to the same.

**FIFTH DEFENSE**

Pending investigation and in order to avoid waiver, this Defendant avers that Plaintiff does not have standing to bring some or all of the claims contained in the Complaint.

9

## SIXTH DEFENSE

Pending investigation and in order to avoid waiver, this Defendant avers that all or some of Plaintiff's claims are barred by the doctrine of res judicata, collateral estoppel, and/or equitable estoppel.

## SEVENTH DEFENSE

Plaintiff cannot prove a cause of action against this Defendant because Plaintiff cannot prove that this Defendant breached any duty to Plaintiff or that the alleged actions or omissions of this Defendant constituted a legal and/or proximate cause of any damages to Plaintiff.

## EIGHTH DEFENSE

This Defendant avers that it is not liable to Plaintiff under 42 U.S.C. § 1983 because Plaintiff has failed to show that this Defendant violated that statute. This Defendant further avers that it is not liable to Plaintiff pursuant to 42 U.S.C. § 1983 because no custom, policy, rule, regulation, procedure, or official decision, nor the absence thereof, was the moving force behind any constitutional injures to Plaintiff. Defendant would further show that any such matters, if shown, were not attributable to this Defendant.

This Defendant further avers that it is not liable to Plaintiff under 42 U.S.C. § 1983 because its training, supervision, discipline, and screening of employees was adequate and appropriate under the circumstances for the tasks that must be performed by officers. This Defendant further avers that any inadequacy, if shown, was neither the result of deliberate indifference, nor caused, nor was closely related to, the injuries alleged by Plaintiff.

## NINTH DEFENSE

This Defendant did not cause the harm alleged by Plaintiff. There is no affirmative link between any alleged custom, policy, rule, regulation, procedure, or official decision, or the absence

thereof, including the absence of or failure to adopt additional or different employee training, supervision, discipline, or screening practices, that is attributable to this Defendant, on the one hand, and the particular constitutional violation(s) alleged in the Complaint, on the other, pursuant to 42 U.S.C. § 1983.

## TENTH DEFENSE

This Defendant avers that Plaintiff was not deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law.

## ELEVENTH DEFENSE

This Defendant cannot be liable under *respondeat superior* principles.

## TWELFTH DEFENSE

This Defendant denies that it was responsible for any action or omission that was in violation of Plaintiff's constitutional rights or was otherwise improper under federal or state law.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because all of this Defendant's actions were objectively reasonable under the circumstances.

## FOURTEENTH DEFENSE

This Defendant affirmatively pleads that Plaintiff did not suffer damages as a consequence of any alleged denial of his constitutional rights. Plaintiff, therefore, has not put forth a viable claim, and the Complaint against this Defendant should be dismissed.

## FIFTEENTH DEFENSE

This Defendant is entitled to recover attorney's fees from Plaintiff pursuant to 42 U.S.C. § 1988.

## SIXTEENTH DEFENSE

Plaintiff's damages, if any, were caused and/or contributed to other causes having nothing to do with any act or omission on the part of this Defendant. This Defendant affirmatively states that if Plaintiff has been injured and/or damaged as alleged, then said injuries and damages are the sole and direct and proximal result of the actions or inactions of person(s) or entities, including Plaintiff himself, for which this Defendant is in no way responsible. Pleading in the alternative, this Defendant asserts that to the extent the actions or inactions of such person(s) or entities were a contributing cause of any injuries or damages alleged, their contributory/comparative fault must be considered and is hereby pled. This Defendant reserves the right to amend this Answer to allege the fault of any other person or entity after the discovery process.

## SEVENTEENTH DEFENSE

The Complaint fails to state a claim for punitive damages.

## EIGHTEENTH DEFENSE

Pending investigation and in order to avoid waiver, this Defendant avers that Plaintiff has failed to mitigate his damages.

## NINEEENTH DEFENSE

In order to avoid waiver, this Defendant pleads and relies upon the provisions of the Tennessee Governmental Tort Liability Act to govern the nature and extent of its immunity and liability regarding any state law claims Plaintiff may bring in this case.

## TWENTIETH DEFENSE

This Defendant reserves the right to raise any other affirmative defenses that become known to this Defendant during the course of litigation.

## TWENTY-FIRST DEFENSE

In order to avoid waiver, this Defendant pleads and relies upon the provisions of the Tennessee Governmental Tort Liability Act to govern the nature and extent of his immunity and liability regarding any state law claims Plaintiff may bring in this case.

## TWENTY-SECOND DEFENSE

This Defendant reserves the right to raise any other affirmative defenses that become known to this Defendant during the course of litigation.

## TWENTY-THIRD DEFENSE

The traffic stop of Plaintiff's vehicle was based upon reasonable suspicion and was otherwise lawful.

## TWENTY-FOURTH DEFENSE

The arrest of Plaintiff, along with any criminal charges initiated against him, was based upon probable cause and was otherwise lawful.

## TWENTY-FIFTH DEFENSE

Any averments not heretofore admitted or denied, or otherwise explained, are herein now denied as if they were set forth specifically and denied.

WHEREFORE, having fully answered the averments contained in the Complaint, this Defendant prays that he be dismissed from this action, with all costs taxed to the Plaintiff. Failing dismissal, this Defendant prays for a jury of twelve (12) on all jury issues joined by the pleadings and for such further, general relief to which he might be entitled.

Respectfully submitted,

**HUDSON, REED & CHRISTIANSEN, PLLC**

**By: /s/ Jason N. King**
       **NICK C. CHRISTIANSEN, #30103**
       **JASON N. KING, #027749**
       16 Public Square North
       P.O. Box 884
       Murfreesboro, TN  37133
       (615) 893-5522
       nchristiansen@mborolaw.com
       jking@mborolaw.com

       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following via the District Court's electronic filing system and/or U.S. Mail, postage prepaid, to:

      Wesley Clark
      Paul D. Randolph
      Brazil Clark, PLLC
      2901 Dobbs Ave.
      Nashville, TN 37211
      wesley@brazilclark.com
      paul@brazilclark.com

this 21st day of October, 2024.

               **/s/ Jason N. King**
               **JASON N. KING**

14