# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| DAVID DUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-01006 |
| ) | |
| ZACHARY WILLIAMS, ) | Judge Crenshaw |
| SYLER WARLEY, and ) | Magistrate Judge Newbern |
| RUTHERFORD COUNTY, TENNESSEE, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF SYLER WARLEY TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Syler Warley ("Dep. Warley" or "Defendant"), by and through counsel, and would answer Plaintiff's Complaint (DE 1) ("Complaint") as follows:

### FIRST DEFENSE

Pending investigation and in order to avoid waiver, this Defendant avers that some or all of the averments in the Complaint fail to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Without waiving its affirmative and other defenses, this Defendant responds to the allegations and averments contained in the Complaint as follows:

#### Jurisdiction and Venue

1. The statements contained in paragraph 1 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute factual allegations against this Defendant, it is denied that this Defendant violated Plaintiff's constitutional rights or

acted improperly in any way.

2. The statements contained in paragraph 2 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute factual allegations against this Defendant, it is denied that this Defendant violated Plaintiff's constitutional rights or acted improperly in any way.

3. The statements contained in paragraph 3 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute factual allegations against this Defendant, it is denied that this Defendant violated Plaintiff's constitutional rights or acted improperly in any way.

4. This Defendant admits that one or more defendants reside in this judicial district and does not dispute venue.

**Parties**

5. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5.

6. The allegations contained in paragraph 6 are not directed at this Defendant and therefore do not require a response.

7. In response to paragraph 7, it is admitted that this Defendant was an employee of the Rutherford County Sheriff's Office at the time of the events alleged in the Complaint.

8. The allegations contained in paragraph 8 are not directed at this Defendant and therefore do not require a response.

**Factual Allegations**

9. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 are not directed at this Defendant and therefore do not require a response.

11. The allegations contained in paragraph 11 are not directed at this Defendant and therefore do not require a response.

12. The allegations contained in paragraph 12 are not directed at this Defendant and therefore do not require a response. In further response, this Defendant would state that the incident report referenced in Plaintiff's Complaint speaks for itself.

13. The allegations contained in paragraph 13 are denied. In further response, the dashcam footage referenced in Plaintiff's Complaint speaks for itself.

14. The allegations contained in paragraph 14 are denied.

15. The allegations contained in paragraph 15 are not directed at this Defendant and therefore do not require a response. To the extent the allegations contained in paragraph 15 are directed at this Defendant, it is admitted that the traffic stop of Plaintiff was supported by the said observations and that this Defendant pulled the Plaintiff over and commenced the traffic stop procedures as shown in the audio/video footage referenced in Plaintiff's Complaint, which speaks for itself. The allegations contained in paragraph 15 are otherwise denied.

16. The allegations contained in paragraph 16 are denied.

17. In response to the allegations contained in paragraph 17, it is admitted that this Defendant observed a disabled person parking placard hanging on Plaintiff's rearview mirror. In further response, the photo included in Plaintiff's Complaint speaks for itself.

18. The allegations contained in paragraph 18 are not directed at this Defendant and therefore do not require a response. However, it is admitted that this Defendant observed Plaintiff light a cigarette and that Plaintiff attempted to provide his debit card to this Defendant instead of

his driver's license. In further response, this Defendant would state that the incident report to which Plaintiff refers in his Complaint speaks for itself.

19. The allegations contained in paragraph 19 are not directed at this Defendant and therefore do not require a response. In further response, this Defendant would state that the incident report referenced in Plaintiff's Complaint speaks for itself.

20. In response to paragraph 20, it is admitted that this Defendant spoke to Plaintiff before Defendant Williams did.

21. In response to paragraph 21, it is admitted, upon information and belief, that Defendant Williams did not speak to Plaintiff until after Plaintiff exited his vehicle. It is denied that Plaintiff was "removed" from his vehicle.

22. In response to the allegations contained in paragraph 22, it is admitted that this Defendant and Defendant Williams returned to the patrol car to run Plaintiff's license before asking him to step out of his vehicle. It is denied that Plaintiff was "removed" from his vehicle.

23. In response to the allegations contained in paragraph 23, it is admitted that this statement was made by Defendant Williams in conversation with this Defendant. In further response, the audio/video footage referenced in Plaintiff's Complaint speaks for itself.

24. In response to paragraph 24, it is admitted that Plaintiff was asked to exit his vehicle after the statement alleged in paragraph 23 was made. However, this allegation is denied to the extent that it asserts the events occurred in immediate succession.

25. The allegations contained in paragraph 25 are admitted.

26. The allegations contained in paragraph 26 are denied.

27. In response to the allegations contained in paragraph 27, it is admitted that this question was asked by Defendant Williams. In further response, the audio/video footage

referenced in Plaintiff's Complaint speaks for itself.

28. In response to the allegations contained in paragraph 28, it is admitted that this statement was made by Plaintiff. In further response, the audio/video footage referenced in Plaintiff's Complaint speaks for itself.

29. In response to the allegations contained in paragraph 29, it is admitted that this Defendant did not observe the smell of alcohol on Plaintiff's person and did not observe any containers of alcohol in Plaintiff's vehicle. This Defendant is without knowledge or information sufficient to admit or deny whether there were any containers of alcohol in Plaintiff's vehicle.

30. The allegations contained in paragraph 30 are not directed at this Defendant and therefore do not require a response. However, this Defendant admits that Plaintiff made the statements alleged therein. In further response, this Defendant would state that the audio/video footage referenced in Plaintiff's Complaint speaks for itself. In further response, this Defendant would state that Plaintiff informed Defendant Williams that he "quit checking" his insulin and that he only administers insulin when he feels like he needs it.

31. The allegations contained in paragraph 31 are not directed at this Defendant and therefore do not require a response. However, this Defendant admits said allegations to the extent that Plaintiff stated that he has a disc that he has "been dealing with for forty-five years," and acknowledged that he can still get around fine and does not take any medication for his back. In further response, the audio/video footage referenced in Plaintiff's Complaint speaks for itself.

32. The allegations contained in paragraph 32 are not directed at this Defendant and therefore do not require a response. However, this Defendant would state that the audio/video footage and incident report referenced in Plaintiff's Complaint speaks for itself.

33. The statements contained in paragraph 33 (and the corresponding footnote)

constitute a legal conclusion and therefore do not require a response. Further, the cited source speaks for itself. However, it is denied that this Defendant breached the applicable standard of conduct.

34. In response to paragraph 34, it is admitted, upon information and belief, that Plaintiff's performance on the tests administered by Defendant Williams contributed to the probable cause determination made by Defendant Williams. All allegations inconsistent with the foregoing statement are denied. It is further denied on information and belief that Plaintiff's age and any medical conditions of Plaintiff were not accounted for in the probable cause determination. Further, to the extent any remaining statements allege any wrongdoing by this Defendant, it is denied that this Defendant violated Plaintiff's constitutional rights or acted improperly in any way.

35. In response to paragraph 35, it is admitted that Defendant Williams arrested Plaintiff on DUI charges based on the totality of the circumstances. It is denied that this Defendant made the probable cause determination to arrest Plaintiff. Plaintiff's statements regarding his back and insulin that are recorded on the audio/video footage referenced in Plaintiff's Complaint are admitted, all of which speaks for itself and reference is made thereto for the details of said statements. It is denied that this Defendant had any knowledge of Plaintiff's medical or physical condition at the time of the arrest independent of the information gathered in the officers' investigation. All remaining allegations contained in paragraph 35 are denied. Further, to the extent any remaining statements allege any wrongdoing by this Defendant, it is denied that this Defendant violated Plaintiff's constitutional rights or acted improperly in any way.

36. In response to paragraph 36, it is admitted on information and belief that Defendant Williams arrested Plaintiff on DUI charges based on probable cause considering the totality of the circumstances. It is denied that this Defendant arrested or charged Plaintiff. It is denied that this

Defendant ignored readily exculpatory information. All remaining allegations contained in paragraph 36 are denied. Further, to the extent any remaining statements allege any wrongdoing by this Defendant, it is denied that this Defendant violated Plaintiff's constitutional rights or acted improperly in any way.

37. The allegations contained in paragraph 37 are not directed at this Defendant and therefore do not require a response. However, this Defendant would state that the audio/video footage and incident report referenced in Plaintiff's Complaint speaks for itself.

38. In response to the allegations contained in paragraph 38, this Defendant would state that the incident report referenced by Plaintiff in his Complaint speaks for itself. In further response, it is admitted that this Defendant did not observe the smell of alcohol on Plaintiff's person.

39. In response to the allegations contained in paragraph 39, it is admitted that this Defendant did not observe any receipts for alcohol purchases during his encounter with Plaintiff.

40. In response to the allegations contained in paragraph 40, it is admitted that this Defendant did not observe any empty containers or bottles/cans of alcohol during his encounter with Plaintiff.

41. The allegations contained in paragraph 41 are denied.

42. In response to paragraph 42, it is admitted that Plaintiff consented to a blood test. In response to the remaining allegations contained in paragraph 42, this Defendant would state that the Official Toxicology Report from the TBI speaks for itself.

43. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 43.

**Damages**

44. In response to paragraph 44, and all subparts thereof, this Defendant denies that he is liable to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever against him.

45. In response to paragraph 45, and all subparts thereof, this Defendant denies that he is liable to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever against him. Defendant further denies that Plaintiff is entitled to punitive damages in this matter. It is specifically denied that this Defendant committed any misconduct and that any alleged misconduct was intentional or reckless.

**Count I: Unlawful Seizure in Violation of the Fourth Amendment – Unlawful Arrest**
**42 U.S.C. § 1983**
**(Defendants Williams and Warley)**

46. In response to paragraph 46, it is admitted that Defendant Williams arrested Plaintiff. It is denied that this Defendant arrested Plaintiff. The remaining allegations contained in paragraph 46 are denied.

47. The allegations contained in paragraph 47 are denied.

48. The allegations contained in paragraph 48 are denied.

49. The allegations contained in paragraph 49 are denied.

50. The statements contained in paragraph 50 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute factual allegations against this Defendant, it is denied that this Defendant violated Plaintiff's constitutional rights or acted improperly in any way.

51. The allegations contained in paragraph 51 are denied.

52. The allegations contained in paragraph 52 are denied.

### Count II: Malicious Prosecution in violation of the Fourth Amendment
### 42 U.S.C. § 1983
### (Defendants Williams and Warley)

53. The allegations contained in paragraph 53 are denied.

54. The allegations contained in paragraph 54 are denied.

55. The statements contained in paragraph 55 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute factual allegations against this Defendant, it is denied that this Defendant violated Plaintiff's constitutional rights or acted improperly in any way. It is specifically denied that this Defendant initiated a false charge against Plaintiff.

56. The allegations contained in paragraph 56 are denied.

57. The allegations contained in paragraph 57 are denied.

58. The allegations contained in paragraph 58 are denied.

### Count III: Municipal Liability
### (Defendant Rutherford County)

59-61. The allegations contained in Count III, paragraphs 59-61 and all subparts thereof, are not directed at this Defendant and therefore do not require a response. However, to the extent the allegations contained in Count III, paragraphs 59-61 and all subparts thereof, are construed as allegations against this Defendant, such allegations are denied.

### Request for Relief

62. In response to Plaintiff's request for relief, and all subparts thereof, this Defendant denies that he is liable to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever against him.

63. Any and all such other further averments and allegations set forth in the Complaint either heretofore neither expressly admitted nor denied, and any and all of the averments set forth

in the Complaint that are inconsistent with this Answer, are hereby denied.

**THIRD DEFENSE**

Pending investigation and in order to avoid waiver, this Defendant avers that all or some of Plaintiff's claims are barred because Plaintiff failed to exhaust his administrative remedies.

**FOURTH DEFENSE**

Pending investigation and in order to avoid waiver, this Defendant avers that all or some of Plaintiff's claims are barred by the statute of limitations and/or statute of repose applicable to the same.

**FIFTH DEFENSE**

Pending investigation and in order to avoid waiver, this Defendant avers that Plaintiff does not have standing to bring some or all of the claims contained in the Complaint.

**SIXTH DEFENSE**

Pending investigation and in order to avoid waiver, this Defendant avers that all or some of Plaintiff's claims are barred by the doctrine of res judicata, collateral estoppel, and/or equitable estoppel.

**SEVENTH DEFENSE**

This Defendant avers that he is entitled to recover attorney's fees from Plaintiff pursuant to 42 U.S.C. § 1988.

**EIGHTH DEFENSE**

This Defendant avers that Plaintiff was not deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law.

## NINTH DEFENSE

This Defendant denies that he is responsible for any action or omission that was in violation of Plaintiff's constitutional rights or that was otherwise improper under federal or state law.

## TENTH DEFENSE

The Complaint fails to state a claim under 42 U.S.C. § 1983 or for a violation of the Fourth Amendment to the United States Constitution.

## ELEVENTH DEFENSE

This Defendant avers that the Complaint fails to state a claim under the Fourth Amendment of the U.S. Constitution because the conduct complained of on the part of this Defendant does not violate any established statutory constitutional rights of Plaintiff. At all times, this Defendant acted with objective reasonableness in light of the facts and circumstances presented.

## TWELFTH DEFENSE

This Defendant avers that Plaintiff cannot prove a cause of action against him because Plaintiff cannot prove that this Defendant breached any duty to Plaintiff or that the alleged actions or omissions of this Defendant constituted the factual, legal, and/or proximate cause of Plaintiff's alleged damages.

## THIRTEENTH DEFENSE

This Defendant affirmatively pleads that Plaintiff did not suffer damages as a consequence of any alleged denial of his constitutional rights. Plaintiff, therefore, has not put forth a viable claim, and the Complaint against this Defendant should be dismissed.

## FOURTEENTH DEFENSE

This Defendant avers that he is entitled to qualified immunity in this cause because his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known, and because, considering the circumstances this Defendant encountered, this Defendant's actions were not objectively unreasonable under applicable law.

## FIFTEENTH DEFENSE

Plaintiff's damages, if any, were caused and/or contributed to other causes having nothing to do with any act or omission on the part of this Defendant. This Defendant affirmatively states that if Plaintiff has been injured and/or damaged as alleged, then said injuries and damages are the sole and direct and proximal result of the actions or inactions of person(s) or entities, including Plaintiff himself, for which this Defendant is in no way responsible. Pleading in the alternative, this Defendant asserts that to the extent the actions or inactions of such person(s) or entities were a contributing cause of any injuries or damages alleged, their contributory/comparative fault must be considered and is hereby pled. This Defendant reserves the right to amend this Answer to allege the fault of any other person or entity after the discovery process.

## SIXTEENTH DEFENSE

Should the proof as developed in this case reveal that Plaintiff was guilty of negligence or wrongdoing that caused or contributed to his alleged injuries, this Defendant will rely upon the doctrine of comparative fault to either bar any recovery or to diminish it in proportion to the fault attributable to Plaintiff.

### SEVENTEENTH DEFENSE

This Defendant denies he intentionally or otherwise deprived Plaintiff of any constitutional right, nor did he ever violate Plaintiff's constitutional rights. This Defendant denies there was any deprivation of Plaintiff's constitutional rights at any time.

### EIGHTEENTH DEFENSE

The Complaint fails to state a claim for punitive damages.

### NINETEENTH DEFENSE

Pending investigation and in order to avoid waiver, this Defendant avers that Plaintiff has failed to mitigate his damages.

### TWENTIETH DEFENSE

In order to avoid waiver, this Defendant pleads and relies upon the provisions of the Tennessee Governmental Tort Liability Act to govern the nature and extent of his immunity and liability regarding any state law claims Plaintiff may bring in this case.

### TWENTY-FIRST DEFENSE

This Defendant reserves the right to raise any other affirmative defenses that become known to this Defendant during the course of litigation.

### TWENTY-SECOND DEFENSE

The traffic stop of Plaintiff's vehicle was based upon reasonable suspicion, at a minimum, and was further supported by probable cause, and was otherwise lawful.

### TWENTY-THIRD DEFENSE

The arrest of Plaintiff, along with any criminal charges initiated against him, was based upon probable cause and was otherwise lawful.

## TWENTY-FIOURTH DEFENSE

Any averments not heretofore admitted or denied, or otherwise explained, are herein now denied as if they were set forth specifically and denied.

WHEREFORE, having fully answered the averments contained in the Complaint, this Defendant prays that he be dismissed from this action, with all costs taxed to the Plaintiff. Failing dismissal, this Defendant prays for a jury of twelve (12) on all jury issues joined by the pleadings and for such further, general relief to which he might be entitled.

**Respectfully submitted,**

**HUDSON, REED & CHRISTIANSEN, PLLC**

**By: /s/ Jason N. King**
    **NICK C. CHRISTIANSEN, #30103**
    **JASON N. KING, #027749**
    16 Public Square North
    P.O. Box 884
    Murfreesboro, TN 37133
    (615) 893-5522
    nchristiansen@mborolaw.com
    jking@mborolaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following via the District Court's electronic filing system and/or U.S. Mail, postage prepaid, to:

Wesley Clark
Paul D. Randolph
Brazil Clark, PLLC
2901 Dobbs Ave.
Nashville, TN 37211
wesley@brazilclark.com
paul@brazilclark.com

this 21st day of October, 2024.

                                                                       **/s/ Jason N. King**
                                                                       **JASON N. KING**